PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Chrysler Crossfire struck a hole on Cheat Road, designated as County Route 73/12, in *187 Morgantown, Monongalia County. County Route 73/12 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 6:00 a.m. on April 7, 2008. County Route 73/12 is a two-lane road with a speed limit of forty miles per hour. Claimant, who is a teacher at Cheat Lake Middle School, was driving to work on County Route 73/12 at the speed limit when his vehicle struck a hole in the road. The hole was approximately two feet long, eighteen inches wide, and four inches deep. Since claimant travels this road approximately two hundred days out of the year, he was familiar with the road and was aware of the hole. On the day in question, he was unable to avoid the hole because there was an oncoming vehicle traveling in the opposite lane. As a result, claimant’s vehicle sustained damage to its right front tire in the amount of $277.67. The amount of claimant’s insurance deductible on the date of the incident was $250.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 73/12. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that County Route 73/12 is a secondary road in terms of its maintenance. Prior to this incident, Ms. Westbrook stated that she did not have knowledge of the hole at this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location lead the Court to conclude that respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since he was also aware of the condition on the road. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals twenty-percent (20%) of his loss. Since the negligence of the claimant is not greater than or equal to the negligence of respondent, claimant may recover eighty-percent (80%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $200.00.
Award of $200.00.